IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

OTTER PRODUCTS, LLC, a Colorado
Limited Liability Company,

    Plaintiff,

v.

GLOBAL CELLULAR, INC., a Georgia
Corporation, and
CELLAIRIS FRANCHISE, INC., a
Georgia corporation,

    Defendants.

## COMPLAINT AND JURY DEMAND

Plaintiff Otter Products, LLC ("OtterBox"), by and through its undersigned attorneys, for its Complaint against Global Cellular, Inc. and Cellairis Franchise, Inc. (collectively "Defendants"), states as follows:

## PARTIES

1.     Plaintiff OtterBox is a Colorado limited liability company with its principal place of business at 1 Old Town Square, Suite 303, Fort Collins,

Colorado 80524.

2.      Upon information and belief, Defendant Global Cellular, Inc. ("Global") is a corporation organized and existing under the laws of the State of Georgia, having a principal place of business at 6485 Shiloh Road, Building B-100, Alpharetta, Georgia 30005.

3.      Upon information and belief, Defendant Cellairis Franchise, Inc. is a corporation organized and existing under the laws of the State of Georgia, having a principal place of business at 6485 Shiloh Road, Building B-100, Alpharetta, Georgia 30005.

4.      Upon information and belief, at all relevant times defendants Cellairis Franchise Inc. and Global (collectively, "Cellairis") were the agent, affiliate, officer, director, manager, principal, alter-ego, co-conspirator, and/or employee of the other, and was at all times acting within the scope of such agency, affiliation, alter-ego relationship, conspiracy, and/or employment.  OtterBox is informed and believes that both Cellairis Franchise, Inc. and Global actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged against both Cellairis Franchise, Inc. and Global in this First Amended Complaint, with full knowledge of all facts and circumstances, including but not limited to, full knowledge of each and every violation of OtterBox's rights and the damages to OtterBox.

## JURISDICTION AND VENUE

5.      This is a civil action for patent infringement, trademark and trade

dress infringement, and unfair competition arising under the patent laws of the United States, 35 U.S.C. § 101, *et seq.*, the Trademark ("Lanham") Act, 15 U.S.C. § 1051 *et seq.*, and Colorado Revised Statute § 6-1-101 *et seq*.

6. This court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331, 28 U.S.C. § 1332, 28 U.S.C. § 1338, and 28 U.S.C. § 1367.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400, because Defendants are engaged in the regular, continuous, and systematic transaction of business in this judicial district, including through the distribution, sale and or offer for sale of the UltraBox and Shell Shock cases (collectively, "Infringing Cases") for the Apple iPhone through its website, and has committed acts of patent infringement, trademark and trade dress infringement, and unfair competition in this judicial district.

## OTTERBOX'S INTELLECTUAL PROPERTY

8. On April 26, 2011, United States Patent No. 7,933,122 ("the '122 Patent"), entitled "PROTECTIVE ENCLOSURE FOR A COMPUTER," was duly and legally issued to Curtis R. Richardson, Alan Morine, Brian Thomas, Jamie Lee Johnson, and Jason Michael Thompson. A true and correct copy of the '122 Patent is attached as **Exhibit A**.

9. The '122 Patent is enforceable and, pursuant to 35 U.S.C. § 282, enjoys a statutory presumption of validity.

10. By assignment, OtterBox owns all right, title, and interest in and to the '122 Patent, including, without limitation, the right to enforce these patents and

collect damages for past infringement.

11. On July 15, 2010, United States Design Patent No. D617,784 ("the '784 Patent"), entitled "Case," was duly and legally issued to Curt R. Richardson and Alan V. Morine. A true and correct copy of the '784 Patent is attached as **Exhibit B**.

12. The '784 Patent is enforceable and, pursuant to 35 U.S.C. § 282, enjoys a statutory presumption of validity.

13. By assignment, OtterBox owns all right, title, and interest in and to the '784 Patent, including, without limitation, the right to enforce these patents and collect damages for past infringement.

14. On May 11, 2010, United States Design Patent No. D615,535 ("the '535 Patent"), entitled "Case," was duly and legally issued to Curt R. Richardson and Jamie L. Johnson. A true and correct copy of the '535 Patent is attached as **Exhibit C**.

15. The '535 Patent is enforceable and, pursuant to 35 U.S.C. § 282, enjoys a statutory presumption of validity.

16. By assignment, OtterBox owns all right, title, and interest in and to the '535 Patent, including, without limitation, the right to enforce these patents and collect damages for past infringement.

17. On May 11, 2010, United States Trademark Registration No. 3,788,535 ("the '535 Mark") was registered on the principal register for the word mark "OTTER BOX." The OTTER BOX mark is owned by OtterBox, and is actively used in connection to the sale of OtterBox's products. A true and accurate

copy of the Trademark Electronic Search System (TESS) entry for OtterBox's OTTER BOX registration is attached as **Exhibit D**.

18. On May 11, 2010, United States Trademark Registration No. 3,788,534 ("the '534 Mark") was registered on the principal register for the word mark "OTTERBOX." The OTTERBOX mark is owned by OtterBox, and is actively used in connection to the sale of OtterBox's products. A true and accurate copy of the Trademark Electronic Search System (TESS) entry for OtterBox's OTTERBOX registration is attached as **Exhibit E**.

**FIRST CLAIM FOR RELIEF**
**(Infringement of U.S. Patent No. 7,933,122)**

19. OtterBox incorporates by reference paragraphs 1 through 18 as if set forth in their entirety.

20. Defendants are making, using, selling, and/or offering to sell in the United States and/or importing into the United States the Shell Shock case.

21. Defendants' activity in making, using, selling, and/or offering to sell in the United States and/or importing into the United States the Shell Shock case constitutes direct infringement of the '122 Patent, in violation of 35 U.S.C. § 271(a).

22. Defendants' infringement of the '122 Patent has caused and will continue to cause damage to OtterBox in an amount to be determined at trial.

23. Defendants' infringement of the '122 Patent has caused and will continue to cause irreparable injury to OtterBox as to which there exists no

adequate remedy at law. Defendants' infringement will continue unless enjoined by this Court.

## SECOND CLAIM FOR RELIEF
### (Willful Patent Infringement, 35 U.S.C. § 284)

24. OtterBox incorporates by reference each and every allegation in paragraphs 1 through 23 as if set forth in their entirety.

25. On information and belief, Defendants' actions in infringing the '122 Patent have been, and are, willful, deliberate, and/or in conscious disregard of OtterBox's rights, making this an exceptional case within the meaning of 35 U.S.C. § 285 and entitling OtterBox to treble damages and the award of its attorneys' fees.

## THIRD CLAIM FOR RELIEF
### (Infringement of U.S. Patent No. D617,784)

26. OtterBox incorporates by reference paragraphs 1 through 25 as if set forth in their entirety.

27. Defendants are making, using, selling, and/or offering to sell in the United States and/or importing into the United States the Shell Shock case.

28. Defendants' activity in making, using, selling, and/or offering to sell in the United States and/or importing into the United States the Shell Shock case constitutes direct infringement of the '784 Patent, in violation of 35 U.S.C. § 271(a).

29. Defendants' infringement of the '784 Patent has caused and will continue to cause damage to OtterBox in an amount to be determined at trial.

30. Defendants' infringement of the '784 Patent has caused and will continue to cause irreparable injury to OtterBox as to which there exists no adequate remedy at law.  Defendants' infringement will continue unless enjoined by this Court.

### FOURTH CLAIM FOR RELIEF
### (Willful Patent Infringement, 35 U.S.C. § 284)

31. OtterBox incorporates by reference each and every allegation in paragraphs 1 through 30 as if set forth in their entirety.

32. On May 19, 2010, Cellairis sent an advertisement via electronic mail to potential purchasers, which featured imagery of the Cellairis UltraBox case.  A true and correct copy of the image of the Cellairis UltraBox included in that electronic mail is attached as **Exhibit F.**

33. On May 19, 2010, OtterBox sent a letter to Cellairis via electronic mail, notifying Cellairis of its concerns over Cellairis' use of its Defender Series design for Cellairis' "UltraBox" case.  The letter further notified Cellairis of the allowance of the '784 Patent, and informed Cellairis that the UltraBox case's design would infringe the claims of the '784 Patent upon issuance.  A true and correct copy of the copy of the May 19, 2010 letter is attached as **Exhibit G.**

34. On October 29, 2010, OtterBox gave notice of infringement of the '784 Patent to Cellairis via email, attaching a copy of the '784 Patent and an image

of a Cellairis case, purchased from a Cellairis kiosk, that infringed upon the same. A true and correct copy of the October 29, 2010 email is attached as **Exhibit H**. A true and correct image of the Cellairis case is attached as **Exhibit I**

35. Defendants received notice of infringement of the '784 Patent no later than October 29, 2010. On information and belief, Defendants have continued to advertise and sell the Infringing Cases despite receiving such notice of infringement.

36. Defendants' actions in infringing the '784 Patent have been, and are, willful, deliberate, and/or in conscious disregard of OtterBox's rights, making this an exceptional case within the meaning of 35 U.S.C. § 285 and entitling OtterBox to treble damages and the award of its attorneys' fees.

## FIFTH CLAIM FOR RELIEF
### (Infringement of U.S. Patent No. D615,535)

37. OtterBox incorporates by reference paragraphs 1 through 36 as if set forth in their entirety.

38. Defendants are making, using, selling, and/or offering to sell in the United States and/or importing into the United States the Infringing Cases.

39. Defendants' activity in making, using, selling, and/or offering to sell in the United States and/or importing into the United States the Infringing Cases constitute direct infringement of the '535 Patent, in violation of 35 U.S.C. § 271(a).

40. Defendants' infringement of the '535 Patent has caused and will

continue to cause damage to OtterBox in an amount to be determined at trial.

41. Defendants' infringement of the '535 Patent has caused and will continue to cause irreparable injury to OtterBox as to which there exists no adequate remedy at law. Defendants' infringement will continue unless enjoined by this Court.

## SIXTH CLAIM FOR RELIEF
### (Willful Patent Infringement, 35 U.S.C. § 284)

42. OtterBox incorporates by reference each and every allegation in paragraphs 1 through 41 as if set forth in their entirety.

43. On information and belief, Defendants' actions in infringing the '535 Patent have been, and are, willful, deliberate, and/or in conscious disregard of OtterBox's rights, making this an exceptional case within the meaning of 35 U.S.C. § 285 and entitling OtterBox to treble damages and the award of its attorneys' fees.

## SEVENTH CLAIM FOR RELIEF
### (Trademark Infringement, 15 U.S.C. § 1114)

44. OtterBox incorporates by reference each and every allegation in paragraphs 1 through 43 as if set forth in their entirety.

45. On information and belief, Defendants have advertised the Infringing Cases for sale using OtterBox's registered trademarks, including without limitation sale under the brand name "UltraBox," and has created consumer confusion as to

the source and affiliation of its products.

46.     Defendants' advertisements of products under OtterBox's registered marks infringe OtterBox's trademark interests in violation of 15 U.S.C. § 1114.

## EIGHTH CLAIM FOR RELIEF
### (Trade Dress Infringement, 15 U.S.C. § 1125)

47.     OtterBox incorporates by reference each and every allegation in paragraphs 1 through 46 as if set forth in their entirety.

48.     When designing, producing, and manufacturing the Defender Series cases for the Apple iPhone and other phones, OtterBox has adopted a particular dress, design, and combination of features to produce a particular visual appearance for the purpose of presenting such goods to the public.

49.     Defendants have attempted to imitate OtterBox's particular dress, design, and combination of features in such a way as to mislead the public.

50.     Defendants' actions are intended and/or operate to confuse the public into believing that its products are produced, endorsed, licensed, or in some manner affiliated with or authorized by OtterBox, in violation of 15 U.S.C. § 1125.

51.     OtterBox's sales of its own products are prejudiced by Defendant' imitation and copying of the Defender Series product line, to OtterBox's irreparable damage.

## NINTH CLAIM FOR RELIEF
### (Willful Trademark and Trade Dress Infringement)

52. OtterBox incorporates by reference each and every allegation in paragraphs 1 through 51 as if set forth in their entirety.

53. On information and belief, Defendants intentionally adopted the "UltraBox" name to confuse consumers into believing that its products are produced, endorsed, licensed, or in some other manner affiliated with or authorized by OtterBox.

54. The complete mimicry of the aesthetic features of the OtterBox Defender Series case into the Infringing Cases – excepting the omission of the "OtterBox™" logo from the back of the cases – evidences a conscious intent by Defendants to imitate and copy OtterBox and thereby confuse the public into believing its products are produced, endorsed, licensed, or in some other manner affiliated with or authorized by OtterBox.

55. By selling products under a mark confusingly similar to OtterBox's registered trademarks and adopting a design appropriating the unique aesthetic features of the OtterBox design, Defendants have willfully infringed the trademark and trade dress rights of OtterBox.

56. Defendants' willful infringement of OtterBox's trademark and trade dress rights makes this an exceptional case under 15 U.S.C. § 1117, and entitled OtterBox to the award of attorneys' fees and treble damages.

## TENTH CLAIM FOR RELIEF
### (Unfair Competition under Colorado Revised Statute § 6-1-101 *et seq.*)

57. OtterBox incorporates by reference each and every allegation in paragraphs 1 through 56 as if set forth in their entirety.

58. Defendants intentional and knowing duplication of the aesthetic features of the OtterBox product line and the Defender Series case is intended to pass off its products as those of OtterBox without authorization, and is a deceptive trade practice in violation of Colorado Revised Statute (CRS) § 6-1-105(a).

59. Defendants' intentional and knowing duplication of the aesthetic features of the OtterBox product line and the Defender Series case is intended to make a false representation as to the source, sponsorship, approval, and certification of its products, and is a deceptive trade practice in violation of CRS § 6-1-105(b).

60. Defendants' intentional and knowing duplication of the aesthetic features of the OtterBox product line and the Defender Series case is intended to make a false representation as to the sponsorship, approval, status, affiliation or connection of OtterBox with Defendants' products, and is a deceptive trade practice in violation of CRS § 6-1-105(e).

61. Defendants' actions have been in conscious bad faith, entitling OtterBox to treble damages under CRS § 6-1-113(2)(III).

62. OtterBox has been injured in the course of its business as a result of Defendants' deceptive trade practices.

## DEMAND FOR JURY TRIAL

63. OtterBox hereby requests a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, OtterBox prays as follows on all claims:

A. For a preliminary and permanent injunctions enjoining and restraining Defendants, and all related entities or persons acting in concert with them, from manufacturing, selling, or offering for sale the Infringing Cases;

B. For an award of OtterBox's damages as appropriate under the patent laws of the United States, comprising:

   (i) Lost profits, in an amount to be ascertained at trial;

   (ii) A reasonably royalty, in an amount to be ascertained at trial;

   (iii) Treble damages;

C. For an award of OtterBox's damages as appropriate under 15 U.S.C. § 1117 and the common law trademark laws of the United States, including:

   (i) Defendants' profits, in an amount to be ascertained at trial; and

   (ii) Damages sustained by OtterBox as a result of Defendants' trademark and trade dress infringement, in an amount to be proven at trial; and

   (iii) Treble damages for Defendants' willful infringement of

OtterBox's trademark and trade dress rights;

D. For an award of OtterBox's damages under CRS § 6-1-101 *et seq.*, including:

   (i) OtterBox's actual damages; and

   (ii) Treble damages for Defendants' bad faith conduct;

E. For its reasonable attorneys' fees and costs; and

F. For such other and further relief as the Court deems just and proper.

DATED: June 7, 2011

TURNER BOYD LLP

/s/ Karen I. Boyd
**Karen I. Boyd**
James W. Beard
Rachael D. Lamkin
boyd@turnerboyd.com
beard@turnerboyd.com
lamkin@turnerboyd.com
2570 W. El Camino Real, Suite 380
Mountain View, CA 94040
Telephone: (650) 521-5939
Facsimile: (650) 521-5931

Plaintiff's address:
Otter Products, LLC
One Old Town Square, Suite 303
Fort Collins, CO  80524

*Attorneys for Otter Products, LLC, d/b/a OtterBox*